IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD L. SIEGER and PAMELA SIEGER,** | : | CIVIL ACTION NO. 1:06-CV-2228 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,** | : | |
| Defendants | : | |

### **MEMORANDUM**

On November 15, 2006, plaintiffs Richard L. Sieger and Pamela Sieger (collectively "the Siegers") filed the instant action against defendants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, and Nationwide Property & Casualty Insurance Company (collectively "Nationwide"). The complaint asserted three state law claims against Nationwide: (1) breach of contract, (2) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 PA. CONS. STAT. ANN. §§ 201-1 to 201-9.3, and (3) violation of the Pennsylvania Insurance Bad Faith Statute, 42 PA. CONS. STAT. ANN. § 8371. (See Doc. 1.) By stipulation of the parties, the two latter claims were dismissed with prejudice on April 13, 2007. (See Docs. 17, 18.) Because the Siegers' remaining claim is insufficient to satisfy this court's jurisdictional limits, the above-captioned action will be dismissed *sua sponte* for lack of subject matter jurisdiction.[1]

---

[1] On January 25, 2007, Nationwide filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) Given the court's finding that it lacks subject matter jurisdiction over the above-captioned action, the court need not reach the merits of Nationwide's motion.

I.   **Factual Background**

The Siegers purchased a homeowners' insurance policy from Nationwide, which allegedly indemnified them "against loss from water damage." (Doc. 1 ¶ 6.) The dispute in this case centers around Nationwide's refusal to reimburse the Siegers for property damage that resulted when their inflatable swimming pool "split suddenly and without warning," emptying 3,000 gallons of water into their basement. (Doc. 1 ¶¶ 13-14.) Shortly after the accident, the Siegers contacted Nationwide, and the company sent a claims adjuster to the Siegers' home to assess the damage. (Doc. 1 ¶ 18.) The adjuster's investigation revealed water damage to numerous items, including "[w]all-to-wall carpeting and padding, wood paneling and insulation, personal and laptop computers, digital camera, filing cabinet, television stand, bookshelves and contents, digital video disks, papers, games, toys and books." (Doc. 1 ¶ 15.) Email correspondence between Mr. Sieger and the adjuster established that the Siegers' loss totaled approximately $11,000. (Doc. 1 ¶ 22; Doc. 1, Ex. B.)

Four days after the accident, the adjuster advised the Siegers that coverage had been denied because of a policy exclusion for damage caused by surface water. (Doc. 1 ¶ 23; Doc. 1, Ex. C.) Accordingly, the Siegers initiated the instant action against Nationwide, alleging that the company breached its contract by refusing to reimburse them for the claimed property damage. The Siegers' complaint demanded judgment against Nationwide "in an amount in excess of Eleven

Thousand ($11,000.00) Dollars, exclusive of interest and costs" on their breach of contract claim. (Doc. 1 at 8.)

## II. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the power of a federal court to hear a claim or case. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In the face of a 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). Motions under 12(b)(1) may take one of two forms. A "facial" attack assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action within the court's jurisdiction. Tolan v. United States, 176 F.R.D. 507, 509 (E.D. Pa. 1998). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. Id.; Carpet Group, 227 F.3d at 69. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. Tolan, 176 F.R.D. at 510; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. Id.; Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000).

3

**III.    Discussion**

Although Nationwide has not filed a Rule 12(b)(1) motion in the instant action, the court is permitted to raise the issue of subject matter jurisdiction *sua sponte*.  See Horn & Hardart Sys. v. Hunter, No. Civ. A. 04-5117, 2005 WL 1522266, at *1 (D.N.J. June 27, 2005) ("Jurisdiction is a preliminary issue that may be raised by a district court to ensure that a case properly belongs in federal court."); Daily v. City of Phila., 98 F. Supp. 2d 634, 636 (E.D. Pa. 2000) ("Lack of subject matter jurisdiction may be raised at any time by the court *sua sponte*."); see also Meritcare v. St. Paul Mercury Ins., 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*."), abrogated on other grounds by Exxon Mobil Corp. v. Allapattah, 545 U.S. 546 (2005).

In the instant case, the court finds that it does not possess subject matter jurisdiction over the Siegers' complaint.  The claim asserted by the Siegers sounds in state common law contracts and implicates no federal rights or obligations.  See 28 U.S.C. § 1331.  Although the Siegers allege that jurisdiction is predicated upon diversity of citizenship, see 28 U.S.C. § 1332, the Siegers have failed to establish that the amount in controversy exceeds $75,000, see Scanlin v. Soldiers & Sailors Mem'l Hosp., No. 4:06-CV-01915, 2007 WL 141014, at *3 (M.D. Pa. Jan. 17, 2007) ("To establish diversity of citizenship, a plaintiff must plead a matter in controversy exceeding $75,000 between citizens of different states.").  To the contrary, the Siegers seek damages in the amount of approximately $11,000.  (See Doc. 1 at 8; Doc. 1, Ex. B); see also Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538,

541 (3d Cir. 1995) (stating that, in diversity cases, "courts generally accept a party's good faith allegation of the amount in controversy"); Jaconski v. Avisun Corp., 359 F.2d 931, 937 (3d Cir. 1966) (stating that jurisdictional amount in controversy is to be ascertained from "the amount demanded by [the plaintiff], if that demand is found to have been made in good faith").  Accordingly, the Siegers' complaint will be dismissed for lack of subject matter jurisdiction.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        April 17, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD L. SIEGER** and **PAMELA SIEGER,** | : | CIVIL ACTION NO. 1:06-CV-2228 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **NATIONWIDE MUTUAL INSURANCE COMPANY**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 17th day of April, 2007, upon consideration of the complaint in the above-captioned action (Doc. 1), and of the order of court dated April 13, 2007 (Doc. 18), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiffs' complaint (Doc. 1) is DISMISSED without prejudice.

2. Plaintiffs shall be permitted to file, on or before May 1, 2007, an amended complaint averring facts sufficient to establish this court's subject matter jurisdiction.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  In the absence of a timely filed amended complaint, the above-captioned action shall be closed.

3. Defendants' motion to dismiss (Doc. 9) is DENIED as moot.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge